UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ANTONE LAVELLE HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-00071-SEB-TAB |
| | ) | |
| CLARK COUNTY INDIANA, | ) | |
| CLARK CIRCUIT COURT #1, | ) | |
| ZYNTHIA McCRITE, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Denying Motion for *In Forma Pauperis* Status,
Dismissing Complaint, and
Directing Plaintiff to Show Cause**

I. *In Forma Pauperis* Status

Plaintiff's motion for leave to proceed *in forma pauperis*, dkt. [2], **is denied without prejudice** because he failed to submit a certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of his complaint on April 24, 2017, as required by 28 U.S.C. § 1915(a)(2). He shall have **through May 30, 2017**, in which to either pay the $400.00 filing fee or renew his request for *in forma pauperis* status with the required information.

II. Screening of the Complaint

A.  Legal Standard

Because plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). To avoid dismissal, a complaint

"must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

B. Analysis

Plaintiff's complaint names three defendants: (1) Clark County, Indiana; (2) Clark Circuit Court #1; and (3) Zynthia McCrite Attorney # 31681-22. Ms. McCrite is a deputy prosecuting attorney in Clark County. Plaintiff seeks compensation damages and injunctive relief.

Plaintiff's only allegation is that Ms. McCrite violated his rights to due process by not providing proper paperwork in a state criminal case, causing him to be held in the Clark County Jail since January 26, 2017, "without narrative and being held after [the] victim recanted her statement." Complaint, dkt. 1, p. 2.

The allegations against Ms. McCrite clearly concern her work as a prosecuting attorney. While acting as an advocate for the state, Ms. McCrite enjoys prosecutorial immunity and is immune from suit, even if -- construing the complaint most liberally -- she acted maliciously or violated plaintiff's constitutional rights. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Imbler v. Pachtman*, 424 U.S. 409 (1976). "This immunity shields the prosecutor even if [she] initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *see also Davis v. Zirkelback*, 149 F.3d 614, 617 (7th Cir. 1998) (prosecutor entitled to absolute immunity

in evaluating evidence collected by police and deciding to bring a judicial proceeding). Plaintiff's assertions do not state facts that would be within the extremely narrow range of conduct excepted from the doctrine of prosecutorial immunity. Accordingly, the claim against Ms. McCrite is **dismissed for failure to state a claim upon which relief can be granted**. 28 U.S.C. § 1915A.

Clark County Indiana is named as a defendant, but plaintiff has made no allegations against it. With no factual allegations against the County, the complaint against it must be dismissed. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). The claim against Clark County Indiana is **dismissed for failure to state a claim upon which relief can be granted.** 28 U.S.C. § 1915A.

Finally, plaintiff's claim against Clark Circuit Court #1 also lacks factual allegations, and it is a non-suable entity in a section 1983 action. The claims against the Circuit Court are **dismissed for failure to state a claim upon which relief can be granted**. 28 U.S.C. § 1915A.

To summarize, plaintiff's complaint fails to state a claim upon which relief can be granted as to any of the three defendants he has named. 28 U.S.C. § 1915A.

### III. Opportunity to Show Cause

The Court has screened the complaint and found no viable claim, even under the most liberal construction. **The complaint is therefore dismissed**. Before the action is dismissed in its entirety, plaintiff shall have **through May 30, 2017**, in which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show

cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

**IT IS SO ORDERED**.

Date: 5/2/2017

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Antone Lavelle Hunter
10801
Clark County Jail
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130